COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia


JOAN C. RAYMOND

v.          Record No. 2422-93-4          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                       MAY 30, 1995


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Gerald Bruce Lee, Judge

           Sammy S. Knight (Knight & Associates, on brief),
           for appellant.

           Robert B. Condon, Assistant Attorney General
           (James S. Gilmore, III, Attorney General,
           on brief), for appellee.


     Joan C. Raymond (appellant) appeals her conviction for

driving under the influence of alcohol (3rd offense within five

years).  She contends that the certificates of blood alcohol

analysis (certificate[s]) admitted into evidence were not

properly attested as required by statute and were, thus,

erroneously admitted.  We disagree.

     The certificates are divided by a line running the width of

the page.  The upper portion of the certificate sent to the

Division of Forensic Science indicates, inter alia, that the vial

of blood was received by R. D. Cook on January 7, 1993, and

examined by the same person on January 21, 1993.  The bottom part

of the certificate reports the analysis results and beside the

_____

     *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

word "TESTE" is the signature of Paul F. Ferrara, Division Director, someone other than R. D. Cook.

The upper portion of the certificate sent to an independent laboratory indicates that the vial of blood was received by Hyun C. Thomason on January 11, 1993, and examined by Ruth Zapka on January 18, 1993. The bottom part of the certificate reports the analysis results and beside the word "TESTE" is the signature of Zenaida B. Barredo, Laboratory Supervisor, someone other than Ruth Zapka.

At trial, appellant objected to the admission of the certificates on the ground that the attestation requirements of Code § 19.2-187 (for admission of "material" generally) were not met because the person who performed the analysis did not provide an attestation. Appellant appears to have abandoned this argument on appeal. Assuming she has not, we hold that Code § 19.2-187 has no relevance here as Code § 18.2-268.7 controls the admission of blood alcohol tests specifically. See Thurston v. City of Lynchburg, 15 Va. App. 475, 478-79, 424 S.E.2d 701, 703 (1992). Appellant now asserts that the attestation requirements of Code § 18.2-268.7 were not fulfilled. In pertinent part, it requires that:

> [T]he [Division of Forensic Science] Director shall execute a certificate indicating the name of the accused; the date, time and by whom the blood sample was received and examined; a statement that the seal on the vial had not been broken or otherwise tampered with; a statement that the container

- 2 -

> and vial were provided by the Division and that the vial was one to which the completed withdrawal certificate was attached; and a statement of the sample's alcohol . . . content. . . .
>
> . . . [T]he certificate of analysis, with the withdrawal certificate attached, shall, <u>when attested by the Director</u>, be admissible in any court . . . .

(Emphasis added). Appellant's sole argument rests upon her conclusion that the dividing line running the width of the certificates renders each certificate two separate documents. Under such a rendering, the director would have attested to only some of the requirements under Code § 18.2-268.7. This issue was advanced for the first time in appellant's brief and is barred from our review. Rule 5A:18. Otherwise, appellant finds no fault with the admitted certificates. Nor do we. The Commonwealth has met the attestation requirements of Code § 18.2-268.7.

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed</u>.